# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| In the Matter of the Marriage of: | | |
| ERIN JEANNE GAMBLE BOWEN, | | No. 60537-6-II |
| Appellant, | | |
| And | | |
| KENNETH LEE BOWEN, | | UNPUBLISHED OPINION |
| Respondent. | | |

CRUSER, J.—Erin Gamble (f/k/a Erin Bowen) requests that we remand this matter to the trial court with instructions to strike a provision opining that Bowen should be made the primary parent in the event that Gamble relocates and the 50/50 parenting plan is no longer feasible. Gamble argues (1) the trial court abused its discretion by making a ruling regarding relocation without first considering the statutory factors, (2) the trial court abused its discretion by making a ruling on relocation when the issue was not ripe for review, and (3) the trial court violated Gamble's procedural due process rights by making a ruling on relocation when she had withdrawn her request for the court to make such a ruling. Bowen responds that Gamble's arguments lack merit because the trial court did not actually make either a ruling or a prospective ruling concerning relocation

We conclude that the trial court made neither an actual ruling nor a prospective ruling regarding relocation, so Gamble's procedural due process right to notice and an opportunity to be heard was not violated. However, we conclude that the language violates Gamble's due process rights because it is designed to influence a later judicial officer and is likely to prejudice Gamble. Accordingly, we remand the matter for the trial court to strike the challenged language.

FACTS

Erin Gamble (f/k/a Erin Bowen) and Kenneth Bowen were married in 2017. In January 2024, Gamble petitioned for divorce. Gamble also filed a proposed parenting plan asking the court to award her primary custody of the couple's children. The proposed plan also stated, "The mother intends to move out of state with the children within a year of entry of this Parenting Plan" and provided a proposed residential schedule for after the relocation. Clerk's Papers (CP) at 107.

Bowen also requested that he be designated as the primary residential parent. Bowen expressed his concern that the children would be negatively impacted if Gamble were permitted to leave the state with them because "Gamble's mental health has historically deteriorated when she is away from her family and support networks." *Id.* at 135.

At trial, Gamble submitted an amended parenting plan. The amended parenting plan no longer included the provisions regarding relocation. The trial court admitted the amended parenting plan as an exhibit without objection.

Bowen's opening statement addressed the issue of Gamble's potential relocation. Bowen's counsel contended that Gamble

> wants to leave and take the children with her. That's her ultimate goal, and this trial is setting her up for that.
> The reason she doesn't want to agree to 50/50 is less about Mr. Bowen's . . . perceived mental health issues, and more about the fact that she wants to be

able to have the presumption to leave the state when she's done with her PhD program.

1 Verbatim Rep. of Proc. (VRP) at 25.

In closing argument, Bowen again addressed Gamble's intention to move out of state. Counsel argued that Gamble "built an out-of-state move into the first and only parenting plan she's submitted to the court prior to trial." 5 VRP at 754-55. Counsel then argued that Bowen should be the primary residential parent.

In its oral ruling, the trial court indicated that it intended to include a provision in the parenting plan that if Gamble relocated such that equal residential custody was no longer feasible, then Bowen would become the primary caregiver. Gamble asked the court to reserve on the issue of relocation because there was no petition for relocation before the court and the parties had not provided evidence regarding the relocation factors. The trial court stated that in the interest of judicial efficiency, it wanted to memorialize its preference but not limit the discretion of the next judicial officer.

The trial court memorialized its view in section 8 of the parenting plan,

In the event that Ms. Gamble moves out of the area such that a 50/50 parenting plan becomes impractical, it is the view of this court that Mr. Bowen should become the primary parent. The court is concerned that if Ms. Gamble moves and is the primary residential parent, her lack of support will not serve the children well. It is the view of this court that a relocation trial in six months after the lengthy trial in this dissolution matter is an avoidable waste of time and resources. This is intended to memorialize this court's view and not to limit the discretion of any future court.

CP at 90. Section 13, "Relocation," contained only the boiler plate language outlining the requirements for completing a "*Notice of Intent to Move with Children*" form. *Id.* at 93.

Gamble appeals the final parenting plan and requests that we remand the matter for the trial court to strike the provision regarding Gamble's potential relocation.

3

DISCUSSION

Gamble makes several arguments about why the trial court abused its discretion in including language in the parenting plan making a recommendation about how residential time should be awarded in the event of a future relocation petition by Gamble. However, we can resolve this case by holding that the language Gamble challenges in the current parenting plan is neither a ruling nor a prospective ruling. As such, it has no operative effect and we need not discuss the lack of evidence in the record that would have supported such a ruling or the trial court's failure to consider the statutory relocation factors. As it relates to Gamble's argument that this language is inappropriate and violates her procedural due process rights because it is intended to influence a future judicial officer's decision on a hypothetical relocation petition that has not been filed, we agree with Gamble. We remand this matter to the trial court with instructions to strike the challenged language.

I. LEGAL PRINCIPLES

A. Relocation

RCW 26.09.420 grants the trial court authority to allow or not allow a person to relocate a child when entering or modifying a parenting plan. When a person with at least substantially equal residential time intends to relocate, they must provide every other person entitled to residential time or visitation with the child with notice that the person intends to relocate. RCW 26.09.430. Residential orders must include a clear restatement of the relocation provisions in RCW 26.09.430 through 26.09.480. RCW 26.09.490. Where the parents have substantially equal residential time and one parent objects to the relocation, "the court shall make a determination in the best interests of the child considering the factors set forth in RCW 26.09.520." RCW 26.09.525(b).

B. Justiciability

A justiciable controversy is

(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973). Unless all elements are met, the reviewing court steps into the prohibited area of advisory opinions. *Id.*

The first prong of the test requires us to address ripeness. A claim must meet three requirements to be ripe for judicial determination: " 'the issues raised are primarily legal, do not require further factual development, and the challenged action is final.' " *WT Props., LLC v. Leganieds, LLC*, 195 Wn. App. 344, 353, 382 P.3d 31 (2016) (internal quotation marks omitted) (quoting *State v. Cates*, 183 Wn.2d 531, 534, 354 P.3d 832 (2015)).

II. APPLICATION

Gambel's arguments are predicated on a mischaracterization of the language in the parenting plan concerning Gamble's potential relocation. The language was not a ruling, but a memorialization of the trial judge's personal opinion. Including this language in the parenting plan was improvident and unusual, but it did not constitute a ruling or prospective ruling. The challenged language, by its own terms, is not operable, and has no current legal effect.

Nevertheless, to the extent that Gamble argues that the language concerning Gamble's potential relocation was designed to unfairly influence a later judicial officer and is likely to prejudice her, we agree that it was a violation of Gamble's due process rights to include this language. In the event a relocation petition is ever filed by Gamble and an objection is lodged by

Bowen, she is entitled to a hearing on her petition by an impartial judicial officer.[1] Accordingly, we remand with instructions to strike the final paragraph included in section 8 of the parenting plan.

ATTORNEY FEES

Gamble requests an attorney fee award under RCW 26.09.140, which gives us discretion to award attorney fees after considering the financial resources of both parties. Gamble has submitted a financial affidavit demonstrating that she has significant financial need. Bowen has not filed a financial affidavit therefore he has not demonstrated that he is unable to pay. Accordingly, we grant Gamble's request for fees.

Bowen argues he is entitled to attorney fees under RAP 18.9 because Gamble's appeal is frivolous. Because we grant Gamble her requested relief, Gamble's appeal is clearly not frivolous. Accordingly, we deny Bowen's request for attorney fees on that basis. Bowen also requests a discretionary attorney fee award under RCW 26.09.140. Bowen has not filed a financial affidavit, therefore he does not demonstrate need. Accordingly, we deny Bowen's request for fees.

CONCLUSION

We conclude that the language from the final paragraph of section 8 of the parenting plan in which the trial court expressed its opinion about how a future judicial officer should rule on a hypothetical relocation petition should be stricken. This language is designed to influence a later judicial officer and is likely to prejudice Gamble. We deny Bowen's request for attorney fees because Gamble's appeal is not frivolous based on our conclusion that Gamble is entitled to her

---

[1] We are cognizant of the fact that Gamble herself initially asked the court to rule on her potential relocation. However, she unequivocally withdrew that request. To the extent that Bowen appears to advance an invited error argument, this argument lacks merit.

requested relief and Bowen has not demonstrated financial need. Because Gamble has demonstrated financial need and Bowen has not demonstrated an inability to pay, we award Gamble attorney fees on appeal.

Accordingly, we remand this matter for the trial court to strike the final paragraph under section 8 of the parenting plan.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

LEE, J.

VELJACIC, C.J.